UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE M. WESLEY,

        Plaintiff,

v.                                Case No. 25-cv-1815-bhl

ROBERT MILLER,
BRANDON MORRIS,
JASON MCINTOSH,
CO JOHN DOE,
JENNERO BROTHERS PRODUCE COMPANY, and
JOHN DOE #2,

        Defendants.

## SCREENING ORDER

Plaintiff Tyrone Wesley, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wesley's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Wesley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Wesley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $57.63. Wesley's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Wesley explains that on April 1, 2025, he and another inmate who were working in the kitchen were asked to go pick up a produce delivery from the dock. Wesley asserts that Defendant Chef Jason McIntosh walked him and the other inmate to the elevator, opened it with his key, and then told them he would see them when they got back. Wesley states that he and the other inmate waited by themselves on the dock until the delivery truck arrived. Once it arrived, a John Doe correctional officer and a John Doe driver exited the truck. The driver entered the back of the truck and moved a pallet of food closer to the truck door. He did not use the ramp to move the pallet onto the dock; instead, he handed Wesley and the other inmate boxes of food off the pallet to load onto carts that were on the dock. Wesley explains that while grabbing for a bag, he slipped, and his left leg went between the dock and the truck while his right leg banged on the dock. He

2

states that he pulled himself up and discovered that his leg was scraped "down to the white meat" on both sides and was starting to bleed. Wesley asserts that neither the officer nor the driver said anything.

Once Wesley returned to the kitchen, Chef McIntosh gave him a first aid kit, but Wesley was unable to wrap the wound. Chef McIntosh then allowed Wesley to go to the health services unit. Wesley explains that he has been seen more than a dozen times for his legs and lower back and has had ultrasounds, x-rays, and physical therapy. Wesley wrote to the security director to request that video footage be preserved, and he filed an inmate complaint about the incident after asking the deputy warden for a full investigation. Wesley was interviewed by a lieutenant, and Warden Robert Miller dismissed the complaint. Wesley appealed the dismissal. According to Wesley, the Secretary of the Department of Corrections returned the inmate complaint to the warden for a priority investigation. Wesley asserts that he has followed up multiple times but has not received a response.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Wesley asserts that Defendants were deliberately indifferent to his safety, a claim that would arise under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Id.* A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). Neither negligence nor gross negligence is enough to support an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835–36; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

3

Wesley fails to state an Eighth Amendment claim because his allegations satisfy neither the objective nor the subjective prongs of the standard. The Court cannot reasonably infer that riding in an elevator unsupervised or navigating a small gap between the back of a truck and a dock are conditions that pose a substantial risk of serious harm. These are everyday conditions that many people, incarcerated or not, face. Moreover, the Court cannot reasonably infer that Chef McIntosh would have realized that allowing Wesley to ride the elevator alone posed a significant risk of harm to him or that the John Doe officer and John Doe truck driver[1] would have realized that requiring Wesley to reach over a small gap between the truck and the dock posed a significant risk of harm to him. Wesley slipping and being injured was unfortunate, but it was an accident. And, as the Supreme Court explained many years ago "[a]n accident although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105.

Wesley also fails to state a deliberate indifference claim against the warden and the security director based on allegations that they did not adequately investigate the incident and that the warden dismissed his inmate complaint. As the Seventh Circuit has explained, "[o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, failing to investigate a complaint and/or dismissing an inmate complaint about a completed act of misconduct does not violate the Constitution. Because Wesley does not state a federal claim, the Court cannot exercise supplemental jurisdiction over his purported state law claims.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Wesley believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **January 15, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will

---

[1] It is also unlikely that a truck driver who merely delivers products ordered by the prison would be considered a state actor. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974) (holding that an individual may be considered a state actor if he or she exercises powers traditionally reserved to a state); *see Steading v. Thompson*, 941 F.2d 498, 499 (7th Cir. 1991) ("A private firm does not become a state actor by selling its products to the government.").

4

screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Wesley's failure to state a claim in his original complaint. If Wesley does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Wesley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 15, 2026**, Wesley may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Wesley a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Wesley shall collect from his institution trust account the $292.37 balance of the filing fee by collecting monthly payments from Wesley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wesley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wesley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wesley is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wesley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge