UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

TYRONE M. WESLEY,

        Plaintiff,

        v.                                         Case No. 25-cv-1815-bhl

CO JOHN DOE,

        Defendant.

___

## SCREENING ORDER
___

      Plaintiff Tyrone Wesley, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 17, 2025, the Court screened the complaint and after concluding it failed to state a claim on which relief could be granted, gave Wesley the opportunity to file an amended complaint, which he did on December 30, 2025. This decision screens the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in Wesley's amended complaint are substantively identical to the allegations in his original complaint. Relevant to the John Doe officer, who is the only person Wesley names as a Defendant in the amended complaint, Wesley asserts that, on April 1, 2025, while unloading produce from a truck onto a loading dock, he slipped, and his leg fell through the gap between the back of the truck and the loading dock. Wesley states that the John Doe officer saw him pull up his pant leg, which revealed "white flesh and blood." He states that the officer did not say anything. Wesley returned to the kitchen at which time a kitchen staff member gave him a first aid kit to dress the wound and eventually sent him to the health services unit.

## THE COURT'S ANALYSIS

Wesley asserts that the John Doe officer violated the Eighth Amendment when he failed to render aid after Wesley cut his leg. To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). Moreover, "to succeed in a §1983 suit, a plaintiff must establish not only that the state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011).

With the foregoing legal principles in mind, the Court concludes that Wesley fails to state a claim against the John Doe officer because the Court cannot reasonably infer from the allegations in the amended complaint that Wesley was injured by the officer's failure to render immediate aid. Wesley explains that right after he hurt his leg, he went back to the kitchen where he was given a first aid kit to dress the wound. He was later sent to the health services unit to receive additional treatment. Given that others provided Wesley with the treatment his leg injury required, he was not harmed by any failure by the John Doe officer to respond, even accepting his allegations as true. Accordingly, Wesley fails to state a claim against the John Doe officer.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.